**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LARRY CHARLES SENA,

      Plaintiff,

v.                                      No. CIV 09-1223 JB/CG

CURRY COUNTY DETENTION CENTER,
CURRY COUNTY SHERIFF'S OFFICE,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to show cause why the complaint should not be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff fell and injured himself during transport at the Curry County, New Mexico, Detention Center. Plaintiff asserts that his fall was caused by the failure of sheriff's deputies to follow proper procedures. He also alleges that he was denied medical treatment for his injuries. The complaint seeks damages.

In the complaint, Plaintiff affirmatively states that he has not exhausted available administrative remedies. Plaintiff may not prosecute his federal claims unless he has exhausted those remedies. *See* 42 U.S.C. § 1997e(a). Typically, the issue of non-exhaustion must be raised as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, however, Plaintiff expressly states that he has not exhausted those remedies. "If it is clear on the face of [the] complaint that [Plaintiff] had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [Plaintiff]." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (citing *Acquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Because Plaintiff's complaint states that he has not exhausted his available administrative remedies, the Court raises the issue *sua sponte* and will require him to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this order, Plaintiff respond to this order showing cause, if any, why his complaint should not be dismissed for failure to exhaust available administrative remedies.

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE